## THE CURLEW.

### FRANKLIN CONSOLIDATED COAL CO. v. THE CURLEW.

(District Court, S. D. New York. July 9, 1892.)

MARITIME LIENS—SUPPLIES—PERSONAL CREDIT OF CHARTERERS.

When the libelant supplied coal at Baltimore for the British ship Curlew, to the charterers, who were her owners pro hac vice, at their place of residence, and without any reference to the ship as security, charging the charterers individually on their books, and making no claim against the vessel until after the charterers' failure, held, that the supplies were furnished

on the personal credit of the charterers, not on the credit of the vessel, and a libel against the vessel for the value of such supplies should be dismissed.

In Admiralty. Libel by the Franklin Consolidated Coal Company against the steamer Curlew for supplies. Libel dismissed.

J. Adriance Bush, for libelants.
Butler, Stillman & Hubbard, for claimants.

BROWN, District Judge. The supplies in this case were furnished at Baltimore. At the time they were furnished, the steamer was under a charter to Henry Bros. & Co., who were well-known resident merchants of that city. The terms of the charter were almost identical with those in the case of The India, 14 Fed. Rep. 476, affirmed 16 Fed. Rep. 262; and they amounted, therefore, to a demise of the ship, constituting the charterers owners pro hac vice. See, also, The Bombay, 38 Fed. Rep. 512. The dealings of the libelants were with the charterers in person, at their place of residence, and without any reference to the ship as security for the supplies. They were presumably furnished, therefore, upon the personal credit of the charterers. The latter had no right to charge the ship, and evidently had no intention to do so. There was nothing that authorized the libelants to suppose the ship was intended to be charged, or that they had any right to charge the ship. In fact they did not charge her. Upon their books, as well as in the bills rendered, Henry Bros. & Co. alone were charged individually. For the first portion of the bill a note was taken, and no claim was made upon the vessel until after Henry Bros. & Co. had failed.

It is evident that in this case both in law, as well as in fact, the supplies were furnished upon the personal credit of the charterers. The matter has been so frequently discussed in adjudicated cases, that nothing further need be said. See The Aeronaut, 36 Fed. Rep. 497; The Stroma, 41 Fed. Rep. 599, affirmed, 53 Fed. Rep. 281; The Samuel Marshall, 54 Fed. Rep. 396. The libelants were chargeable with notice of the relations of Henry Bros. & Co. to the ship. They knew that the firm was in business in Baltimore. Any inquiry would have shown that they were charterers. If they made no inquiry, they took the risk of the fact. They could not have supposed the firm to be officers of the ship; and if they did not mean to deal with them as owners, or on their personal credit, it was their duty to inquire what the connection of the firm with the vessel was. Stephenson v. Francis, 21 Fed. Rep. 715, 921. The Samuel Marshall, 49 Fed. Rep. 754, and cases therein cited.

The libel is dismissed, with costs.